GARRETT LLEWELLYN (SBN 267427)
Garrett.llewellyn@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: (310) 284-3880
Facsimile: (310) 284-3894

Attorneys for Defendant
PIERRE FABRE USA, INC., a Delaware corporation

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA VALENZUELA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PIERRE FABRE USA, INC., a Delaware corporation, d/b/a KLORANEUSA.COM, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. **'22CV2079 L     MSB**<br><br>**DEFENDANT PIERRE FABRE USA, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446**<br><br>**[CAFA JURISDICTION]**<br><br>*[Removed from the Superior Court of California, County of San Diego, Case No. 37-2022-00047487-CU-MT-CTL]*<br><br>Complaint Filed: November 23, 2022 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Pierre Fabre USA, Inc. ("Pierre Fabre USA" or "Defendant") hereby removes the above-captioned case from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California. Removal to this Court is proper under the Class Action Fairness Act of 2005 because: (1) there are over 100 alleged class members in Plaintiff's proposed class; (2) the matter in controversy exceeds the sum or value of $5,000,000; and (3) there is requisite diversity of citizenship between plaintiff—a citizen of California—on the one hand, and Pierre Fabre USA—a citizen of Delaware and New Jersey, on the other hand.

### I. PROCEDURAL HISTORY

1. On November 23, 2022, plaintiff Sonya Valenzuela ("Plaintiff") filed a putative class action complaint against Pierre Fabre USA in the Superior Court of California, County of San Diego, entitled *Sonya Valenzuela v. Pierre Fabre USA, Inc. et al.*, bearing the case number: 37-2022-00047487-CU-MT-CTL (the "State Court Action"). A true and correct copy of the complaint in the State Court Action ("Complaint"), along with a copy of all process, pleadings, and orders entered in the State Court Action is attached hereto as **Exhibit "1"**.

2. On December 5, 2022, Plaintiff served Pierre Fabre USA by personal service on its registered agent. *See* **Exh. 1**.

### II. REMOVAL IS TIMELY

3. Service of a summons and complaint by personal service is complete at the time it is served. Cal. Code Civ. Pro., § 415.10. A defendant in a civil action has thirty days from the date of completed service to remove the action to federal court. 28 U.S.C. § 1446(b).

4. As set forth above, Plaintiff served the Summons and Complaint on Pierre Fabre USA by personal service on December 5, 2022. Pierre Fabre USA files this removal within thirty days of December 5, 2022. Thus, removal is timely.

## III. JURISDICTIONAL STATEMENT

5. This Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), codified in relevant part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), because: (a) there are over 100 alleged class members in Plaintiff's proposed class; (b) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (c) the requisite diversity of citizenship exists.

### a. Plaintiff Alleges a Proposed Class that Exceeds 100 Members

6. Based on the allegations in the Complaint, the number of putative class members exceeds 100. 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges she "believes the number [of Class Members] to be in the thousands, if not more." Compl., ¶ 23. Plaintiff further alleges this putative class includes "[a]ll persons within California, who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using a cellular telephone". *Id.*, ¶ 22. Thus, the Complaint sufficiently alleges the proposed class exceeds 100 members.

### b. The Amount in Controversy Exceeds $5,000,000

7. Further, although Pierre Fabre USA denies Plaintiff's allegations and that it is liable for any alleged injuries, based on Complaint's allegations, the matter in controversy exceeds $5,000,000, exclusive of interest and costs. CAFA expressly requires that "the claims of the individual class members shall be aggregated[.]" 28 U.S.C. § 1332(d)(6).

8. The Court may look to the Complaint and removal papers for underlying facts establishing the amount in controversy. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The Court considers all recoverable damages, including, statutory penalties, attorneys' fees, and punitive damages. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977). Defendants are only required to demonstrate that it is "more likely than not" that the amount in controversy exceeds the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 863 (9th Cir.), *opinion amended and superseded on denial of reh'g,* 102 F.3d 398 (9th

Cir. 1996).

9.  Pierre Fabre USA denies the validity and merit of Plaintiff's claim, the legal theories alleged in the Complaint, and that Plaintiff and the putative classes are entitled to any alleged claim for monetary or other relief. Solely for the purposes of removal, however, and without conceding that Plaintiff or the putative class is entitled to damages, the aggregated claims alleged on behalf of the putative classes satisfy the amount in controversy under CAFA.

10. Here, Plaintiff and the putative class seek statutory damages for each alleged violation of California Penal Code § 630 *et seq.*, ("California Invasion of Privacy Act" or "CIPA") by Pierre Fabre USA. Compl., ¶¶ 33, 41. CIPA authorizes statutory damages of $5,000 per violation. *See* Cal. Penal Code § 637.2(a)(1).

11. Here, Plaintiff seeks to certify a class of California residents, alleged to be "in the thousands, if not more". Compl., ¶ 23. Thus, even a class of 1,001 class members, each with an independent basis for a CIPA claim against Pierre Fabre USA, would result in statutory damages against Pierre Fabre USA—in the aggregate—in excess of $5,000,000 (1,001 violations x $5,000 per violation = $5,005,000).

12. Also, Plaintiff seeks to recover attorney's fees.[1] *Id.*, Prayer, ¶ 7. When authorized by statute or contract, claims for attorney's fees are included in determining the amount in controversy. *Gault G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). The calculation of fees for determining the amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not merely those [fees] already incurred." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002).

13. Plaintiff also seeks injunctive relief, which is added to the amount in controversy for purposes of removal. Compl. Prayer, ¶ 4; *see In re Ford Motor co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) (the potential cost

---

[1] Pierre Fabre USA does not concede or acknowledge that Plaintiff or any proposed class member is entitled to recovery of any fees and costs in this action.

to the defendant of complying with the injunction creates the amount in controversy jurisdictional purposes").

14. Plaintiff also seeks punitive damages, which are properly considered by courts in determining the amount in controversy for removal purposes. Compl., Prayer, ¶ 6; *see Deutsch v. Turner Corp.*, 324 F.3d 692, 718 n.21 (9th Cir. 2003) (considering punitive damages in finding jurisdictional minimum satisfied). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294, and the proper amount is based on the reprehensibility of the defendant's misdeeds. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994).

15. Thus, given Plaintiff's claims for statutory penalties, attorney's fees, injunctive relief and punitive damages, the amount in controversy in this action exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2).

    **c.** **Requisite Diversity Exists Between Plaintiff and Pierre Fabre USA**

16. For diversity purposes, a natural person is a citizen of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

17. Plaintiff is a citizen of the state of California. Compl., ¶ 4.

18. For removal purposes, if a party is a corporation, it is a citizen of both its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" refers "to the place where its officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1184 (2010).

19. Pierre Fabre USA is a Delaware corporation with its principal place of business in West Trenton, New Jersey. Thus, Pierre Fabre USA is is a citizen of the states of Delaware and New Jersey

20. The citizenship of "doe" defendants is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1); *Soliman v. Philip Morris Inc.*, 311 F.3d 966 (9th

Cir. 2002) (citizenship of fictitious defendants is irrelevant for removal purposes).

21. Because Plaintiff is a citizen of California, and Pierre Fabre USA is a citizen of Delaware and New Jersey, requisite diversity exists. *See* 28 U.S.C. § 84(c)(2).

### IV. OTHER REQUIREMENTS FOR REMOVAL

22. Pursuant to 28 U.S.C. sections 1441 (a) and 1446 subdivision (a), venue is proper in this Court because the U.S. District Court for the Southern District of California is the federal judicial district embracing the Superior Court of California, County of San Diego, where the original action was filed.

23. In accordance with 28 U.S.C. section 1446 (b), Pierre Fabre USA's Notice of Removal was filed within thirty days after completion of the initial service on it, which was on December 5, 2022.

24. In accordance with 28 U.S.C. section 1446, subdivision (a), this Notice of Removal is accompanied by **Exhibit "1"**, which is a copy of all process, pleadings, and orders served on Pierre Fabre USA.

25. Pursuant to 28 U.S.C. § 1446, subdivision (d), written notice of the filing of the Notice of Removal will be served on Plaintiff's counsel and filed with the Superior Court of San Diego, California.

26. As of the date of this filing, there are no pending motions in this matter and Pierre Fabre USA has not filed a responsive pleading to the Complaint.

### V. CONCLUSION

27. Because jurisdiction is proper under 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Pierre Fabre USA requests this Court exercise its removal jurisdiction over this action.

| | | |
|---|---|---|
| Dated: | December 30, 2022 | **BARNES & THORNBURG LLP** |

By: /s/ *Garrett Llewellyn*
    Garrett Llewellyn
    Attorneys for Defendant
    PIERRE FABRE USA, INC., a
    Delaware corporation